UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL L.G. SANTOS,<br>    Plaintiff<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>    Defendant. | Case No. 5:17-cv-00479-GJS<br><br>**MEMORANDUM, OPINION, AND ORDER** |

## I. INTRODUCTION

Plaintiff Paul L.G. Santos appeals from the Commissioner's denial of Social Security Disability Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 12, 14] and briefs addressing disputed issues in the case [Dkt. 20 ("Pltf.'s Br."), Dkt. 21 ("Def.'s Br."), and Dkt. 22 ("Pltf.'s Reply").] The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be affirmed.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On December 13, 2013, Plaintiff filed an application for both DIB and SSI, alleging that he became disabled as of October 29, 2010. [Dkt. 18, Administrative Record ("AR") 185-187; 188-193.] The Commissioner denied his initial claim for

benefits on March 4, 2014 and upon reconsideration on June 3, 2014. [AR 125-129; 135-140.] On July 30, 2014, a hearing was held before Administrative Law Judge ("ALJ") Laura Fernandez. [AR 32-71.] On January 29, 2016, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 6-24.] Plaintiff requested review from the Appeals Council, which denied review on January 11, 2017. [AR 1-4.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1); 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since October 29, 2010, the alleged onset date, through December 31, 2014, his date last insured. [AR 11.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: diabetes mellitus, right foot osteoarthritis, history of right lower extremity fracture, obesity, chronic kidney disease, and right middle finger cellulitis. [*Id.* (citing 20 C.F.R. §§ § 404.1520(c) and 416.920(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 12-13 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [L]ight work as defined in 20 CFR 404.1567(b) and 416.967(b) except [Plaintiff] can lift up to 20 pounds occasionally and 10 pounds frequently; he can sit and stand up to 6 hours in an 8 hour day, alternating no more often than every 30 minutes; he can walk up to 6 hours in an 8 hour day, but cannot walk on uneven terrain and can walk for no more than 15 minutes at a time; he can engage in frequent handling and fingering with his right upper extremity; he can engage in occasional use of right foot controls; he can push and pull up to 20 pounds occasionally and 10 pounds frequently; he cannot climb ladders, ropes, scaffolds; he can climb ramps and stairs frequently; he can balance frequently; but he cannot be

2

exposed to unprotected heights.

[AR 13-18.] Applying this RFC, the ALJ found that Plaintiff is unable to perform past relevant work, but determined that based on his age (45 years old at the time of application), high school education, and ability to communicate in English, he could perform representative occupations such as electronics worker (Dictionary of Occupational Titles ("DOT") 726.687-010), shoe packer (DOT 920.687-166), and small products assembler (DOT 706.684-022) and, thus, is not disabled. [19-20.]

## III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## IV. DISCUSSION

Plaintiff's sole contention is that the ALJ erred in her evaluation of Plaintiff's treating physician, Dr. David E. Fisher. [Pltf.'s Br. at 5-9.] Specifically, Plaintiff contends that the ALJ improperly rejected Dr. Fisher's assessment that he had functional limitations that would preclude him from walking more than three hours in an eight-hour day. [Pltf.'s Br. at 5.] The Commissioner argues that the ALJ properly rejected Dr. Fisher's walking and standing limitation because it was based on Plaintiff's subjective statements of pain and not on objective medical evidence. [Def.'s Br. at 3-5.] Plaintiff replies that the Commissioner's position is "mere speculation." [Pltf.'s Reply at 4.] The Court disagrees – the ALJ's conclusion is properly supported.

3

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine, but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *See* 20 C.F.R. §§ 404.1502, 404.1527, 416.902, 416.927; *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ is obligated to take into account all medical opinions of record, resolve conflicts in medical testimony, and analyze evidence. 20 C.F.R. § 404.1527(c); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

In conducting this analysis, the opinion of a treating or examining physician is entitled to greater weight than that of a non-examining physician. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). To reject the uncontradicted opinion of a treating or examining physician, the ALJ must provide clear and convincing reasons. *Ghanim v. Colvin*, 763 F.3d 1154, 1160-61 (9th Cir. 2014); *Lester*, 81 F.3d at 830. When a treating or examining physician's opinion is contradicted by another opinion, an ALJ may not reject the opinion without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Ghanim*, 763 F.3d at 1161; *Garrison*, 759 F.3d at 1012; *Lester*, 81 F.3d at 830-31. "This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Garrison*, 759 F.3d at 1012 (internal citation omitted).

Dr. Fisher examined Plaintiff initially on October 14, 2014. [AR 747.] Dr. Fisher indicated that Plaintiff "reports fairly significant increase of pain in his right ankle recently. The pain is aggravated with prolonged standing or weight bearing and walking on uneven surfaces and alleviated with rest. At the highest level of pain he rates it at an 8 on a 1 to 10 scale." [*Id.*] Dr. Fisher conducted a musculoskeletal exam and found Plaintiff to have a normal gait and posture. [*Id.*]

4

Dr. Fisher's examination of Plaintiff's right foot revealed "no swelling, edema or erythema of surrounding tissue, normal strength and tone, normal range of motion, no crepitus, no instability, no known fractures or deformities…and normal sensation and coordination." [AR 747-748.] Dr. Fisher recommended a "rocker-bottom shoe" and "gel splint" for the right ankle. [AR 746.] Dr. Fisher stated that if the rocker-bottom shoes and splint do not relieve the issue Plaintiff should consider a "tarsal metarsal fusion." [*Id.*] Subsequently on December 9, 2014, Dr. Fisher examined Plaintiff and reported that "patient denies any change in symptoms" and Plaintiff described the pain in his right foot as "sharp." [AR 742.] Dr. Fisher's physical examination of Plaintiff's right foot revealed the same largely normal and unremarkable results as the first examination. [AR 742-743.] Dr. Fisher recommended "***no standing or walking more than 3 hours per 8 hour shift*** or 20 min[utes] without 5 min[ute] break. No walking on uneven surfaces or unprotected heights or climbing." [AR 743 (emphasis added).] On January 27, 2015, Plaintiff had "received the splints recommended and report[ed] *significant improvement* since applied." [AR 736 (emphasis added).] Plaintiff also reported that he had a consultation with a surgeon and was awaiting results of the evaluation. [*Id.*] At his next appointment on March 10, 2015, Plaintiff "continue[d] to report improvement with the use of the gel/air brace to his right ankle." [AR 730.] Similarly, three months later, on June 16, 2015, Plaintiff "denied any new symptoms" and "continued to use the ankle brace prescribed with increased ambulation which he reports some relief." [AR 725.]

      The ALJ considered the opinion of Dr. Fisher and adopted certain portions, but rejected the portion regarding the amount of time Plaintiff could stand or walk in an eight-hour day. [AR 17.] Both state agency physicians, who found that Plaintiff was capable of walking or standing six hours in an eight-hour workday, contradicted Dr. Fisher's opinion regarding Plaintiff's standing and walking limitation. [AR 80, 93.] Given the conflicting opinions, the Court will uphold the ALJ's determination

that Dr. Fisher's opinion is entitled to partial weight if the ALJ gave specific and legitimate reasons, based on substantial evidence, for rejecting the standing and walking limitation. *Lester*, 81 F.3d at 830-31.

Here, the ALJ found that Dr. Fisher's opinion regarding Plaintiff's walking and standing limitation was "without substantial support from the other evidence of the record." [AR 17.] Specifically, Dr. Fisher limited Plaintiff's ability to stand and walk based on Plaintiff's subjective allegations of "sharp" pain in his right foot that is "aggravated with prolonged standing or weight bearing and walking" and not on Dr. Fisher's five physical examinations of Plaintiff's right foot, which revealed unremarkable results. [*Compare* AR 742, 745 *with* AR 726, 728-729, 730-731, 734-735, 736-737, 739-740.] The ALJ explicitly found that Plaintiff's subjectively symptom testimony about his pain was not entirely credible. [AR 15.] Plaintiff does not challenge the ALJ's credibility finding in this action. Accordingly, the Court presumes that the adverse credibility finding was legally valid. An ALJ may "reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Thus, because Dr. Fisher's limitation was based on Plaintiff's subjective statements and not based on an independent analysis or diagnosis, it was properly undermined by the fact that the ALJ found Plaintiff's subjective pain testimony to be not fully credible.

Accordingly, the Court finds that the ALJ provided a specific and legitimate reason supported by substantial evidence in the record to find that Dr. Fisher's assessment is entitled to partial weight. Although Plaintiff disagrees with the ALJ's conclusion, "the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti*, 533 F.3d at 1041; *see Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's

conclusion must be upheld."). This issue, therefore, does not warrant remand.[1]

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: April 24, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[1] Both parties note that Plaintiff testified at the hearing that he previously worked with his impairments while taking Norco, but had stopped taking pain medication to avoid consuming opioids. [Def.'s Br. at 3; Pltf.'s Reply at 3.] The ALJ did not rely on this testimony as a basis for according partial weight to Dr. Fisher's opinion, and, therefore, it is not relevant to the Court's analysis here. Accordingly, the Court elects not to address this issue.